UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.  4:17-cr-40011-JPG-7 |
| STARLET J. HOWIE, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a Motion to Reduce Sentence Pursuant to Amendment 817. (Doc. 637). The defendant filed her motion on March 18, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the motion.

Defendant Starlet J. Howie pled guilty to Conspiracy to Distribute Methamphetamine on January 25, 2018. (Doc. 318). Howie was sentenced to 192 months in prison and her current release date is scheduled for mid-2030.

On November 1, 2023, the United States Sentencing Guidelines (USSG) were amended to reflect changes in the law following the First Step Act. The amendment, Amendment 817, expanded the class of defendants eligible under 18 U.S.C. § 3553(f) to avoid statutory mandatory minimums, i.e., the "safety valve."

Howie was not eligible for the safety valve when she was sentenced back in 2018. However, in her current, stylistically-written and difficult-to-read motion, Howie asserts that she is eligible under the new safety valve provisions, expanded by Amendment 817. Howie points to 18 U.S.C. § 3582(c)(2), which states that defendants who satisfy the § 3553(a) factors may have

their sentence reduced by the Court if the Sentencing Guidelines were amended pursuant to 28 U.S.C. § 994(o). Howie argues that Amendment 817 qualifies under § 3582(c)(2), but she confuses changes pursuant to 28 U.S.C. § 994(o) and 28 U.S.C. § 994(u). Howie also erroneously believes that the Commission applied Amendment 817 retroactively in § 1B1.10(d). Howie also believes she satisfies the § 3553(a) factors. For these reasons, Howie moves to have her sentence reduced.

Howie is mistaken.

§ 3582(c)(2) allows modification of sentences for guideline changes made pursuant to 28 U.S.C. § 994(*o*)—*not* 28 U.S.C. § 994(*u*). Section 994(*o*) provides that:

> The Commission *periodically shall review and revise, in consideration of comments and data coming to its attention*, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work.

28 U.S.C. § 994(o) (emphasis added). In short, § 994(o) permits the Sentencing Commission to adjust the Guidelines in response to *data* and *comments* on the efficacy of the Guidelines; it does *not* permit the Commission to adjust Guidelines in response to *statutory* changes. Amendment 817 was explicitly the result of changes pursuant to the First Step Act, *not* changes as a result of new or differing data. Thus, Amendment 817 is *not* a change to the Guidelines pursuant to § 994(o) and, consequently, 18 U.S.C. § 3582(c)(2) is inapplicable here.

While Howie is mistaken about the applicability of 18 U.S.C. § 3582(c)(2), she may still be eligible for a sentence reduction *if,* as she believes, the Commission made Amendment 817

retroactive in § 1B1.10(d). *See* 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10. *E.g. U.S. v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009). For Amendment 817 to apply retroactively, the Sentencing Commission must have explicitly stated that it applied retroactively in U.S.S.G. § 1B1.10. *See, e.g. United States v. Hall*, 582 F.3d 816, 817 (7th Cir. 2009). Here, the Sentencing Commission did not explicitly state that Amendment 817 applied retroactively in the amendment's text, the Commission's explanation for the amendment, nor in U.S.S.G. § 1B1.10—meaning the Commission did not make Amendment 817 retroactive. Given Howie was sentenced long before Amendment 817 was effective, absent any indication of retroactive application of the amendment, the Court cannot reduce or modify her sentence.

### CONCLUSION

Finding that Amendment 817 was neither made retroactive, nor constituted a change pursuant to 28 U.S.C. § 994(o); the Court hereby **DENIES** Defendant Starlet Howie's Motion for a Sentence Reduction. (Doc. 637).

**IT IS SO ORDERED.**
**DATED:  November 5, 2024**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**